IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS E. MARTIN,

Plaintiff,

v.

ROCK COUNTY and
ROCK COUNTY CIRCUIT COURT,

Defendants.

OPINION AND ORDER

26-cv-973-wmc

---

Nicholas E. Martin, who is representing himself while in Rock County Jail, has filed a petition for a writ of mandamus against Rock County and the Rock County Circuit Court, alleging he was denied his rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3). (Dkt. #1.) Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under the lenient standard that applies to pro se pleadings, the complaint must be dismissed for reasons explained below.

## BACKGROUND[1]

Plaintiff Nicholas E. Martin is presently in the Rock County Jail facing charges of substantial battery and disorderly conduct, with modifiers as a repeat offender and for domestic abuse. *See State v. Martin*, Rock County Case No. 2025CF1013. A domestic abuse restraining order has been entered against him in Rock County Case No. 2025CV1077. Martin's complaint concerns a different proceeding for battery and disorderly conduct against a woman named April Nicholas in Rock County Case No. 2025FO1718. According to a police report provided by Martin, the charges were filed after April struck Martin in the head and face during a domestic dispute. The Rock County Victim Witness Assistance Program gave Martin notice of the charges, but they were dismissed shortly thereafter on the prosecutor's motion.

## OPINION

Plaintiff seeks a writ of mandamus ordering the Rock County Circuit Court to reopen Case No. 2025FO1718 and argues that the dismissal of those charges violated his rights as a crime victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3). To begin, a federal district court does not have authority to compel a judge to issue a ruling in a state court case. While plaintiff alleges that the Rock County Circuit Court's decision to grant the prosecutor's motion to dismiss violates the Equal Protection Clause of the

[1] Unless otherwise indicated, the facts in this section, which are taken as true for purposes of screening, are from the complaint and the annexed exhibits. (Dkt. #1.) In addition, the court takes judicial notice of state court proceedings involving plaintiff and the allegations in his complaint. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017)) (state court proceedings are a proper subject of judicial notice).

Fourteenth Amendment, a civil action for violations of the Constitution must be enforced through 42 U.S.C. § 1983. But that statute excludes suits for injunctive relief against a judge "for an act or omission taken in such officer's judicial capacity." In other words, plaintiff may not sue a judge for what he perceives as a constitutional violation that the judge committed during judicial proceedings. *Kubesh v. Rasmussen*, No. 07-cv-385-bbc, 2007 WL 5404940, at *1 (W.D. Wis. July 23, 2007).

Plaintiff's complaint fares no better as a mandamus petition. A writ of mandamus can be issued in limited circumstances by a federal appellate court to direct a lower federal court to take a particular action. *E.g., In re Blodgett*, 502 U.S. 236 (1992) (declining to issue writ but noting the Court's authority to issue writ of mandamus for lower court's failure to render decision over three-year period). However, a federal court has no authority over a state court in a civil case, which means that this court has no authority to issue a writ of mandamus against the Rock County Circuit Court. *See Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275 76 (5th Cir. 1973); *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (federal courts "have no authority to issue . . . a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties).

Finally, to the extent that plaintiff seeks to vindicate his rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3), this statute only confers rights on a person "directly and proximately harmed as a result of the commission of a *Federal* offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e) (emphasis added). Thus, it does not apply to plaintiff since he does not allege facts showing that he was the victim of a

federal offense. Even if it did apply to plaintiff, the Crime Victims' Rights Act does not authorize a private right of action. *See In re Wild*, 994 F.3d 1244, 1247 (11th Cir. 2021) (en banc) (holding that 18 U.S.C. § 3771(d) "does not create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it"); *Doe v. Montcalm Cnty. Sheriff's Dep't*, No. 1:25-cv-418, 2025 WL 2350680, at *4 (W.D. Mich. April 28, 2025) (same) (citations omitted).

Although the Seventh Circuit has cautioned against dismissing a pro se plaintiff's complaint without allowing a chance to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), leave to amend need not be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Because leave to amend would be futile in this instance, the case will be dismissed with prejudice.

ORDER

IT IS ORDERED THAT:

1) The complaint filed by Nicholas E. Martin is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.
2) The clerk of court shall enter judgment accordingly and close this case.

Entered this 22nd day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge